## J. M. CRAWFORD *v* KIDD Et. Al.

Pleading—Jurisdiction of Circuit Court and Quarterly Courts of Amounts Less Than $50.

> A petition alleging an indebtedness of $71 was filed in the Circuit Court, amount due on a promissory note alleged to have been lost and in the progress of the trial an amended petition was filed, stating that the note was entitled to a credit of $35. **Held,** that the court did not err in sustaining a motion to dismiss the cause for want of jurisdiction, and in determining the question of jurisdiction th amended pleading should be regarded as qualifying and correcting the original petition, since the question of jurisdiction must be determined by the plaintiffs own assertion of his claim and not by the defense of his adversary.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

January 31, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The action of the circuit court in sustaining the motion of the appellee to dismiss the action for want of jurisdiction, presents the only question which we deem it necessary to determine on this appeal.

The original petition alleges that the defendants agreed to pay the plaintiffs $71 by their promissory note, dated in 1854, which, being lost, cannot be filed, and in the progress of the cause, the plaintiff filed an amended petition stating that said note was entitled to a credit of $35 paid in 1855. Thus according to the plaintiff's pleading as amended his claim, exclusive of interest, was clearly less than $50.

Circuit courts have original jurisdictions of all civil actions ex-

7

cept when exclusive jurisdiction is given to other courts (Civil Code, sec. 18). But by the 29th section of the Code, as amended in 1860, the courts of justice of the peace have jurisdiction, ex-clusive of the circuit court, but concurrent with the quarterly court of all actions for the recovery of money, or personal prop-erty, when the matter in controversy, exclusive of interest and costs, does not exceed fifty dollars in value.

It is apparent, therefore, that if the statements of the amended petition had been embraced in the original petition, together with those expressed in it, the cause of action thus disclosed would not have been one of which the circuit court had original jurisdiction, and it seems to us, that in determining the question of jurisdic-tion, the amended pleading should be regarded as qualifying and correcting the original petition, and thus defining the demand of the plaintiffs, as one over which the circuit court had no jurisdic-tion; and the fact that said payment of $35 is alleged in the an-swer of the defendants does not alter the case, as the question of jurisdiction must be determined by the plaintiff's own asser-tion of his claim, and not by the defense of his adversary.

Wherefore, the judgment is affirmed.

*Reid,* for appellant.

*Holt,* for appellees.